**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
L. Timothy Fisher (State Bar No. 191626)
Annick M. Persinger (State Bar No. 272996)
Yeremey Krivoshey (State Bar No. 295032)
1990 North California Boulevard, Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail: scott@bursor.com
       ltfisher@bursor.com
       apersinger@bursor.com
       ykrivoshey@bursor.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMANTHA LEWIN, individually and on behalf of all others similarly situated,<br><br>                          Plaintiff,<br><br>    v.<br><br>KRAFT HEINZ FOODS COMPANY,<br><br>                        Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**<u>JURY TRIAL DEMANDED</u>** |

CLASS ACTION COMPLAINT

Plaintiff Samantha Lewin ("Plaintiff") brings this action on behalf of herself and all others similarly situated against Defendant Kraft Heinz Foods Company ("Kraft" or "Defendant"). Plaintiff makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to the allegations specifically pertaining to herself, which are based on personal knowledge.

## INTRODUCTION

1.      Defendant Kraft Heinz Foods Company has advertised and sold millions of containers of its "100% Grated Parmesan Cheese" products as "100%" Parmesan cheese. Independent laboratory testing shows, however, that such products are not in fact "100%" Parmesan, but rather contain significant amounts of adulterants and fillers.  In fact, testing shows that at least 3.8 percent of the purportedly "100%" Parmesan consists of cellulose, a filler and anti-clumping agent derived from *wood pulp*.

2.      Plaintiff and the members of the Class, as defined herein, purchased Kraft's "100%" Parmesan cheese products because they were deceived into believing that the products were 100% Parmesan cheese.  Because Kraft's "100%" Parmesan cheese products contain a substantial amount of fillers and are not "100%" Parmesan cheese, Plaintiff and members of the Class have been injured and have suffered an ascertainable out-of-pocket loss.  Plaintiff and members of the Class seek a refund and/or rescission of the transaction and all further equitable and injunctive relief as provided by applicable law.

3.      Plaintiff seeks relief in this action individually and on behalf of all purchasers of Kraft's "100% Grated Parmesan Cheese" products for breach of express and implied warranties, negligent misrepresentation, fraud, and for violation of the California Consumer Legal Remedies Act ("CLRA"), Civil Code §§ 1750, *et seq.*, California's Unfair Competition Law ("UCL"), Bus. & Prof. Code §§ 17200, *et seq.*, and California's False Advertising Law ("FAL"), Bus & Prof. Code §§ 17500, *et seq.*

---

CLASS ACTION COMPLAINT                                                                          1

**PARTIES**

4.     Plaintiff Samantha Lewin is a citizen of California, residing in San Francisco. Around November of 2015, Ms. Lewin purchased a container of Kraft's "100% Grated Parmesan Cheese" for about $3.99 at a store in San Francisco, California.  Ms. Lewin purchased the container of Kraft's "100% Grated Parmesan Cheese" relying on the only statement appearing on the front of the label – namely, that the product is "100%" Parmesan cheese.  Ms. Lewin would not have purchased Kraft's "100% Grated Parmesan Cheese," or would have paid significantly less for the product, had she known that the "100%" representation is false and mischaracterizes the amount and percentage of Parmesan cheese in the container.  Ms. Lewin suffered injury in fact and lost money as a result of Kraft's deceptive, misleading, false, unfair, and fraudulent practices, as described herein.

5.     Defendant Kraft Heinz Foods Company is a Pennsylvania corporation with headquarters in Pittsburgh, Pennsylvania and Chicago, Illinois.  Defendant Kraft Heinz Foods Company develops, manufactures, distributes, sells, and advertises the product at issue here – "100% Grated Parmesan Cheese" ("Product") – nationwide, including in California.  Defendant has long maintained substantial distribution, marketing, and sales operations in California, and in this District.

**JURISDICTION AND VENUE**

6.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000, exclusive of interests and costs, and Plaintiff, as well as most members of the proposed Class, are citizens of states different from the states of Defendant.  Defendant has sold millions of containers of the Product.

7.     Pursuant to 28 U.S.C. § 1391, this Court is the proper venue for this action because a substantial part of the events, omissions and acts giving rise to the claims herein occurred in this District.  Defendant distributed, advertised, and sold the Product in California and in this District.

2

Moreover, Plaintiff Lewin relied on the Product's statements and purchased the Product in this District.

## FACTS COMMON TO ALL CAUSES OF ACTION

**Kraft's False Representation That Its Grated Parmesan Products Are "100%" Parmesan**

8.    Kraft's grated Parmesan cheese products are advertised as consisting of only one, simple ingredient – "100%" Parmesan cheese.

 

9.    As can be seen in the images above, Kraft makes *only one* marketing representation on the label: the Product is "100%" Grated Parmesan Cheese.  Consumers, including Plaintiff, reasonably rely on the label and believe Kraft's statement that the Product consists of "100%" Parmesan cheese means that no substitutes or fillers are present in the container.  Because the

Product does in fact contain fillers and substitutes, the "100%" Parmesan claim is literally false and is also misleading to consumers, including Plaintiff.

10.     Independent testing shows that at least 3.8 percent of the Product is not Parmesan cheese.  Indeed, at least 3.8 percent of the Product is not even cheese of any kind, but is rather comprised of fillers and additives.  In fact, at least 3.8 percent of the Product is cellulose, an anti-clumping agent derived from *wood chips*.[1]

11.     Kraft has been falsely and misleadingly touting that its Grated Parmesan Cheese Products are "100%" Parmesan for decades.  In the past, Kraft directly chastised its competitors as having Parmesan made with "fats and fillers," while Kraft's "100% Grated Parmesan Cheese" was advertised as the superior Parmesan product because it is "100% grated cheese" and "100% grated Parmesan."[2]  The following images are screenshots from one of these commercials, followed by the transcribed audio speech projected while the images are shown:



"some grated toppings are 1/3 fats and fillers"

---

[1] *See* http://www.bloomberg.com/news/articles/2016-02-16/the-parmesan-cheese-you-sprinkle-on-your-penne-could-be-wood (last accessed February 17, 2016).

[2] 1990 Kraft 100% Grated Parmesan Cheese commercial, available at https://www.youtube.com/watch?v=FIImRTxvvMk (last accessed February 17, 2016).

1
2
3
4
5
6
7
8
9
10



"but Kraft is 100 percent grated Parmesan"

11
12
13
14
15
16
17
18
19
20
21
22



"gratzi very much…"[3]

23
24      12.      Likewise, Kraft's commercials claim that "If you won't settle for Parmesan cheese

25  that isn't 100 percent Parmesan … make sure you get one that is!  Kraft Parmesan, it's always 100

26

27  [3] *Id*.  *See also* https://www.youtube.com/watch?v=ON4EpWVG2bs (another Kraft 100% Grated
    Parmesan Cheese commercial containing substantially the same representations) (last accessed
28  February 17, 2016).

CLASS ACTION COMPLAINT

percent Parmesan, no fillers .... Real Italian meals don't begin without Kraft 100 percent grated Parmesan cheese.  Now, you can eat."[4]  The following image is a screenshot from this commercial:



13.     As can be seen by comparing the label of the 1994 "100% Grated Parmesan Cheese" in the image above, and the image of the current labels in paragraph 8, *infra*, Kraft's misleading labeling and marketing of its Grated Parmesan Cheese products as consisting of "100%" Parmesan have been identical for decades.

14.     Indeed, Kraft's uniform marketing and labeling campaign advertising that its "100% Grated Parmesan Cheese" literally contains 100% Parmesan stretches back even before the 1990's. For example, in this 1984 advertisement, a "100% Grated Parmesan Cheese" wrapper surrounds what appears to be an actual cylinder of Parmesan cheese:[5]

---

[4] 1994 Kraft 100% Grated Parmesan Cheese commercial – 1994, https://www.youtube.com/watch?v=4yQtdaRfNzg (last accessed February 17, 2016).

[5] *See* http://www.vintagepaperads.com/1984-Kraft-100-Grated-Parmesan-Cheese-Ad--Italian_p_116645.html (last accessed February 17, 2016).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



15.     Kraft's labels for its Grated Parmesan Cheese products in Canada likewise explain that the "100%" representation is a crucial attribute of Kraft's overall marketing message.  Like with Kraft's United States labels depicted above, "The label doesn't just say Parmesan, it says 100% Parmesan."[6]



16.     Defendant has made, and continues to make, unlawful, false, fraudulent, and misleading claims on the food labels of Kraft's "100% Grated Parmesan Cheese" Products.  These claims are prohibited by California's consumer protection statutes and warranty laws which render these Products misbranded and unfit for sale in the United States.

**<u>CLASS REPRESENTATION ALLEGATIONS</u>**

17.     Plaintiff Lewin brings this case as a class action under Federal Rule of Civil Procedure 23 on behalf of a Class consisting of all persons in the United States who, within the relevant statute of limitations period, purchased Kraft's "100% Grated Parmesan Cheese" Products.

18.     Plaintiff also seeks to represent a subclass defined as all members of the Class who purchased the Products in California (the "California Subclass").

19.     Excluded from the Class are Defendant, the officers and directors of the Defendant at all relevant times, members of their immediate families and their legal representatives, heirs,

---

[6] http://www.kraftcanada.com/brands/kraft-parmesan-cheese/grated (last accessed on February 17, 2016).

successors or assigns and any entity in which Defendant has or had a controlling interest.  Any judge and/or magistrate judge to whom this action is assigned and any members of such judges' staffs and immediate families are also excluded from the Class.  Also excluded from the Class are persons or entities that purchased the Product for purposes of resale.

20.     Plaintiff is a member of the Class and California Subclass.

21.     Defendant sells millions of containers of the Product.  The Product is available in major supermarkets nationwide, including in California.  Accordingly, members of the Class are so numerous that their individual joinder herein is impracticable.  The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery.  Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant, third party retailers, and vendors.

22.     Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members.  Common legal and factual questions include, but are not limited to whether the Product is misbranded, and whether the labeling, marketing and promotion of the Product is false, misleading, and fraudulent.

23.     The claims of the named Plaintiff are typical of the claims of the Class in that the named Plaintiff was exposed to Defendant's false, misleading and misbranded labels, purchased the Product, and suffered losses as a result of that purchase.

24.     Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class members she seeks to represent, she has retained competent counsel experienced in prosecuting class actions, and she intends to prosecute this action vigorously.  The interests of Class members will be fairly and adequately protected by Plaintiff and her counsel.

25.     The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of the Class members.  Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability.  Individualized litigation increases

the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

### COUNT I

### Breach of Express Warranty

26.    Plaintiff repeats the allegations contained in the paragraphs above as if fully set forth herein.

27.    Plaintiff brings this Count individually and on behalf of the members of the Class.

28.    In connection with the sale of the Product, Defendant issued an express warranty that the Product consisted of "100%" Parmesan cheese.

29.    Defendant's affirmation of fact and promise on the Product's label that the Product consisted of "100%" Parmesan cheese became part of the basis of the bargain between Defendant and Plaintiff and Class members, thereby creating express warranties that the Product would conform to Defendant's affirmation of fact, representations, promise, and description.

30.    Defendant breached its express warranty because Kraft's "100% Grated Parmesan Cheese" does not in fact consist of 100 percent Parmesan cheese, but is rather substantially filled with cellulose and fillers. In short, the Product does not live up to Defendant's express warranty.

31.    Plaintiff and the Class Members were injured as a direct and proximate result of Defendant's breach because: (a) they would not have purchased the Product if they had known the true facts; (b) they paid for the Product due to the mislabeling of the Product; (c) they would not have purchased the Product on the same terms if they had known the true facts; (d) they paid a price premium for the Product due to Defendant's false warranties and affirmations of fact; and (d) the Product did not have the characteristics or qualities as promised.

## COUNT II

### Breach of Implied Warranty of Merchantability

32.     Plaintiff repeats the allegations contained in the paragraphs above as if fully set forth herein.

33.     Plaintiff brings this Count individually and on behalf of the members of the Class.

34.     The Uniform Commercial Code § 2-314 provides that, unless excluded or modified, a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind.  To be "merchantable," goods must, *inter alia*, "run, within the variations permitted by the agreement, of even kind, quality and quantity within each unit and among all units involved," "are adequately contained, packaged, and labeled as the agreement may require," and "conform to the promise or affirmations of fact made on the container or label if any."

35.     Defendant, through its acts and omissions set forth herein, in its sale, marketing, and promotion of the Product, impliedly warranted that the Product consisted of 100 percent Parmesan cheese.

36.     Defendant was a merchant with respect to the goods of this kind which were sold to Plaintiff and the Class, and there was in the sale to Plaintiff and other consumers an implied warranty that those goods were merchantable.

37.     However, Defendant breached that warranty implied in the contract for the sale of the goods in that the Product does not contain the "quality and quantity" of Parmesan cheese as impliedly warranted, and because the Product does not conform to the promises made on its labels, as described herein.

38.     As a result of Defendant's conduct, Plaintiff and the Class did not receive goods as impliedly warranted by Defendant to be merchantable in that they did not conform to the promises and affirmations made on the container or label of the goods.

39.     Plaintiff and the Class Members were injured as  a direct and proximate result of Defendant's breach because: (a) they would not have purchased the Product if they had known the

CLASS ACTION COMPLAINT

11

true facts; (b) they paid for the Product due to Defendant's implied warranties; (c) they would not have purchased the Product on the same terms if they had known the true facts; (d) they paid a price premium for the Product due to Defendant's implied warranties; and (d) the Product did not have the characteristics or qualities as impliedly warranted.

## COUNT III

### Negligent Misrepresentation

40.    Plaintiff repeats the allegations contained in the paragraphs above as if fully set forth herein.

41.    Plaintiff Lewin brings this claim individually and on behalf of the members of the Class against Defendant.

42.    As discussed above, Defendant misrepresented that the Product contains "100%" Parmesan cheese, when, in fact, the Product contains a substantial amount of fillers and additives.

43.    At the time Defendant made these representations, Defendant knew or should have known that these representations were false or made them without knowledge of their truth or veracity.

44.    At an absolute minimum, Defendant negligently misrepresented and/or negligently omitted material facts about the Product.

45.    The negligent misrepresentations and omissions made by Defendant, upon which Plaintiff and Class members reasonably and justifiably relied, were intended to induce and actually induced Plaintiff and Class members to purchase the Product.

46.    Plaintiff and Class members would not have purchased the Product, or would not have purchased the Product on the same terms, if the true facts had been known.

47.    The negligent actions of Defendant caused damage to Plaintiff and Class members, who are entitled to damages and other legal and equitable relief as a result.

## COUNT IV

### Fraud

48.     Plaintiff repeats the allegations contained in the paragraphs above as if fully set forth herein.

49.     Plaintiff Lewin brings this claim individually and on behalf of the members of the Class against Defendant.

50.     As discussed above, Defendant provided Plaintiff and Class members with false or misleading material information and failed to disclose material facts about the Product, including but not limited to the fact that the Product did not consist of "100%" Parmesan cheese.  These misrepresentations and omissions were made with knowledge of their falsehood.

51.     The misrepresentations and omission made by Defendant, upon which Plaintiff and Class members reasonably and justifiably relied, were intended to induce and actually induced Plaintiff and Class members to purchase the Product.

52.     The fraudulent actions of Defendant caused damage to Plaintiff and Class members, who are entitled to damages and other legal and equitable relief as a result.

## COUNT V

### Violation Of California's Consumers Legal Remedies Act,

### California Civil Code §§ 1750, *et seq.*

### (Injunctive Relief Only)

53.     Plaintiff repeats the allegations contained in the paragraphs above as if fully set forth herein.

54.     Plaintiff Lewin brings this claim individually and on behalf of the members of the proposed California Subclass against Defendant.

55.     Plaintiff Lewin and California Subclass members are consumers who purchased the Product for personal, family or household purposes.  Plaintiff and the California Subclass members are "consumers" as that term is defined by the CLRA in Cal. Civ. Code § 1761(d).  Plaintiff Lewin

1    and the California Subclass members are not sophisticated experts with independent knowledge of

2    the character, development, composition, or nature of Parmesan cheese.

3        56.    The Products that Plaintiff and other California Subclass members purchased from

4    Defendant were "goods" within the meaning of Cal. Civ. Code § 1761(a).

5        57.    Defendant's actions, representations, and conduct have violated, and continue to

6    violate the CLRA, because they extend to transactions that intended to result, or which have

7    resulted in, the sale of goods to consumers.

8        58.    Defendant's labeling claim that the Product consists of "100%" Parmesan cheese, as

9    discussed above, is false, fraudulent, and misleading because the Product does not consist of 100

10   percent Parmesan cheese.  In fact, the Product contains a significant percentage of additives and

11   fillers like cellulose making the "100%" claim literally false, and also misleading to a reasonable

12   consumer.

13       59.    California's Consumers Legal Remedies Act, Cal. Civ. Code § 1770(a)(5), prohibits

14   "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses,

15   benefits, or quantities which they do not have or that a person has a sponsorship, approval, status,

16   affiliation, or connection which he or she does not have."  By engaging in the conduct set forth

17   herein, Defendant violated and continues to violate Section 1770(a)(5) of the CLRA, because

18   Defendant's conduct constitutes unfair methods of competition and unfair or fraudulent acts or

19   practices, in that it misrepresents the particular characteristics, benefits and quantities of the goods.

20       60.    Cal. Civ. Code § 1770(a)(7) prohibits representing that goods or services are of a

21   particular standard, quality, or grade, or that goods are of a particular style or model, if they are of

22   another.  By engaging in the conduct set forth herein, Defendant violated and continues to violate

23   Section 1770(a)(7) of the CLRA, because Defendant's conduct constitutes unfair methods of

24   competition and unfair or fraudulent acts or practices, in that it misrepresents the particular

25   standard, quality or grade of the goods.

26       61.    Cal. Civ. Code § 1770(a)(9) further prohibits "[a]dvertising goods or services with

27   intent not to sell them as advertised."  By engaging in the conduct set forth herein, Defendant

28

CLASS ACTION COMPLAINT                                                                    14

violated and continues to violate Section 1770(a)(9), because Defendant's conduct constitutes unfair methods of competition and unfair or fraudulent acts or practices, in that it advertises goods with the intent not to sell the goods as advertised.

62.     Plaintiff Lewin and the California Subclass members are not sophisticated experts with independent knowledge of the character, development, composition, or nature of Parmesan cheese.  Plaintiff and the California Subclass acted reasonably when they purchased the Product based on their belief that Defendant's representations were true and lawful.

63.     Plaintiff Lewin and the California Subclass suffered injuries caused by Defendant because (a) they would not have purchased the Product on the same terms absent Defendant's illegal and misleading conduct as set forth herein, or if the true facts were known concerning Defendant's representations; (b) they paid a price premium for the Product due to Defendant's misrepresentations; and (c) the Product did not have the characteristics or quantities as promised.

64.     Under California Civil Code § 1780(a), Plaintiff and members of the California Subclass seek injunctive and equitable relief for Defendant's violations of the CLRA.  Plaintiff has mailed an appropriate demand letter consistent with California Civil Code § 1782(a).  If Defendant fails to take corrective action within 30 days of receipt of the demand letter, Plaintiff will amend her complaint to include a request for damages as permitted by Civil Code § 1782(d).

65.     Wherefore, Plaintiff prays for judgment as hereinafter set forth.

**COUNT VI**

**Violation Of California's Unfair Competition Law,**

**California Business & Professions Code §§ 17200, *et seq.***

66.     Plaintiff repeats the allegations contained in the paragraphs above as if fully set forth herein.

67.     Plaintiff Lewin brings this claim individually and on behalf of the members of the proposed California Subclass against Defendant.

68.     Defendant is subject to California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq*.  The UCL provides, in pertinent part: "Unfair competition shall mean and

include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising ….”

69.     Defendant's labeling claim that the Product consists of "100%" Parmesan cheese, as discussed above, is false, fraudulent, and misleading because the Product does not consist of 100 percent Parmesan cheese.  In fact, the Product contains a significant percentage of additives and fillers like cellulose making the "100%" claim literally false, and also misleading to a reasonable consumer.

70.     Defendant's business practices, described herein, violated the "unlawful" prong of the UCL by violating the CLRA and the FAL and other applicable law as described herein.

71.     Defendant's business practices, described herein, violated the "unfair" prong of the UCL in that Defendant's conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the gravity of the conduct outweighs any alleged benefits.  Defendant's advertising is of no benefit to consumers, as it is untrue, misleading, and unlawful.  Creating consumer confusion regarding the amount of Parmesan cheese in the Product is of no benefit to consumers.

72.     Defendant violated the "fraudulent" prong of the UCL by misleading Plaintiff and the California Subclass to believe that the Product actually consisted of "100%" Parmesan cheese, when, in fact, the Product contained a significant amount of fillers, including cellulose.

73.     Plaintiff Lewin and the California Subclass members are not sophisticated experts with independent knowledge of the character, development, composition, or nature of Parmesan cheese.  Plaintiff and the California Subclass acted reasonably when they purchased the Product based on their belief that Defendant's representations were true and lawful.

74.     Plaintiff Lewin and the California Subclass suffered injuries caused by Defendant because (a) they would not have purchased the Product on the same terms absent Defendant's illegal and misleading conduct as set forth herein, or if the true facts were known concerning Defendant's representations; (b) they paid a price premium for the Product due to Defendant's misrepresentations; and (c) the Product did not have the characteristics or quantities as promised.

**COUNT VII**

**Violation Of California's False Advertising Law,**

**California Business & Professions Code §§ 17500, _et seq._**

75.     Plaintiff repeats the allegations contained in the paragraphs above as if fully set forth herein.

76.     Plaintiff Lewin brings this claim individually and on behalf of the members of the proposed California Subclass against Defendant.

77.     California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, _et seq._, makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state, ... in any advertising device ... or in any other manner or means whatever, including over the Internet, any statement, concerning ... personal property or services, professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

78.     Defendant engaged in a scheme of offering adulterated and mislabeled containers of the Product for sale to Plaintiff Lewin and the California Subclass members by way of product packaging, labeling, and other promotional materials.  These materials misrepresented and/or omitted the true content and nature of the adulterated and mislabeled Product.  Defendant's advertisements and inducements were made in California and come within the definition of advertising as contained in Bus. & Prof. Code § 17500, _et seq._ in that the product packaging, labeling, and promotional materials were intended as inducements to purchase Defendant's Product, and are statements disseminated by Defendant to Plaintiff Lewin and the California Subclass members.  Defendant knew that these statements were unauthorized, inaccurate, and misleading.

79.     Defendant's labeling claim that the Product consists of "100%" Parmesan cheese, as discussed above, is false, fraudulent, and misleading because the Product does not consist of 100 percent Parmesan cheese.  In fact, the Product contains a significant percentage of additives and

fillers like cellulose making the "100%" claim literally false, and also misleading to a reasonable consumer.

80.    Defendant knew or should have known, through the exercise of reasonable care that the Product was and continues to be adulterated and misbranded, and that Defendant's representations about the amount of Parmesan cheese in the Product were unauthorized, inaccurate, and misleading.

81.    Plaintiff Lewin and the California Subclass suffered injuries caused by Defendant because (a) they would not have purchased the Product on the same terms absent Defendant's illegal and misleading conduct as set forth herein, or if the true facts were known concerning Defendant's representations; (b) they paid a price premium for the Product due to Defendant's misrepresentations; and (c) the Product did not have the characteristics or quantities as promised.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

a.    For an order certifying the Class and California Subclass under Rule 23 of the Federal Rules of Civil Procedure, naming Plaintiff Lewin as representative of the Class and California Subclass, and naming Plaintiff's attorneys as Class Counsel to represent the Class and California Subclass members;

b.    For an order declaring that Defendant's conduct violates the statutes referenced herein;

c.    For an order finding in favor of Plaintiff, Class, and California Subclass on all counts asserted herein;

d.    For compensatory and punitive damages in amounts to be determined by the Court and/or jury;

e.    For prejudgment interest on all amounts awarded;

f.    For an order of restitution and all other forms of equitable monetary relief;

g.    For injunctive relief as pleaded or as the Court may deem proper; and

h.      For an order awarding Plaintiffs, the Class, and the California Subclass their reasonable attorneys' fees and expenses and costs of suit.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff demands a trial by jury of all issues so triable.

Dated:  February 18, 2016                          Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:____ */s/ Yeremey Krivoshey*_____
            Yeremey Krivoshey

Scott A. Bursor (State Bar No. 276006)
L. Timothy Fisher (State Bar No. 191626)
Annick M. Persinger (State Bar No. 272996)
Yeremey Krivoshey (State Bar No. 295032)
1990 North California Boulevard, Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-Mail: scott@bursor.com
            ltfisher@bursor.com
            apersinger@bursor.com
            ykrivoshey@bursor.com

*Attorneys for Plaintiff*

1

2          I, Samantha Lewin, declare as follows:

3          1.          I am a plaintiff in this action and a citizen of the State of California.  I have personal

4  knowledge of the facts stated herein and, if called as a witness, I could and would testify

5  competently thereto.

6          2.          The complaint filed in this action is filed in the proper place for trial under

7  California Civil Code Section 1780(d) in that Defendant conducts a substantial amount of business

8  in this District, and because I relied on the labels of Defendant's "100% Grated Parmesan Cheese"

9  Product in this District, and purchased the Product relying on Defendant's misrepresentations in

10  this District..

11          3.          While living in San Francisco, California, I purchased one or more containers of

12  Kraft's "100% Grated Parmesan Cheese" for my household and for my personal use.  I purchased

13  "100% Grated Parmesan Cheese" after I read the label on the container that said it contained

14  "100%" Parmesan cheese.  The representation on the label was a substantial factor influencing my

15  decision to purchase Kraft's "100% Grated Parmesan Cheese."  I would not have purchased Kraft's

16  "100% Grated Parmesan Cheese" had I known that the Product did not consist of 100 percent

17  Parmesan cheese, but was rather filled substantially with cellulose and fillers.

18

19          I declare under the penalty of perjury under the laws of the State of California that the

20  foregoing is true and correct, executed on February __18__, 2016 at San Francisco, California.

21

22

23                                                              _____

24                                                              Samantha Lewin

25

26

27

28